UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

CASE NO. 11-13640
HON. LAWRENCE P. ZATKOFF

GERALD A. and SHIRLEY L. BROWN,
owners of 519 N. HARRIS ROAD,
YPSILANTI, MI,

  Defendants.
_____/

**OPINION AND ORDER**

  On September 23, 2011, after reviewing a proposed Consent Order submitted by the parties in conjunction with their August 25, 2011 Joint Motion for Entry of Proposed Consent Order (Docket #5), the Court issued an order to "the Government and the Defendants to submit to the Court, on or before October 7, 2009, their respective versions of the facts that give rise to this cause of action and the proposed Consent Order." In response, the parties timely submitted a "Joint Response to the Court's September 23, 2011 Order" (the "Joint Response"), wherein the parties stated, in part:

> [T]he proposed Consent Order represents a compromise by both sides, and is fair, adequate, and reasonable. *See Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983) (setting forth the standard for entry of consent decrees).

After reviewing the parties' Joint Response and again reviewing and considering the proposed Consent Order submitted by the parties, however, the Court finds that the proposed Consent Order is <u>not</u> "fair, adequate, and reasonable." In fact, rather than fair, adequate and reasonable, the Court finds the proposed Consent Order to be an unnecessarily oppressive imposition of non-sensible

regulations on the owners of a tiny apartment complex, owners who are accused of doing nothing more than being honest and forthright in their efforts to ensure the safety of children.  Instead of encouraging such concern for the safety of others, however, the federal government has mounted an attack on those dwelling owners that is analogous to employing a nuclear weapon to eradicate a mosquito!

To summarize, the underlying circumstances of this case appear to involve a husband and wife, Gerald A. and Shirley L. Brown (hereinafter, the "Defendants"), owning a 13-unit apartment complex in Ypsilanti, Michigan.  It is uncontested that the Defendants have consistently stated that they do not rent out such apartments to persons with children **because there is no outdoor play area on the property and it is dangerous for children to play in the parking lot adjoining the apartment complex**.  In fact, that is the position the Defendants expressed to the Government agents who called to inquire about renting the apartments - even though such agents: (1) lied to the Defendants and/or their representatives; (2) had no intention of renting the apartments, and (3) were simply trying to trick and entrap the Defendants into making some statements the Government could use against the Defendants.

As a result of its "detective" work, and armed with the "discriminatory" statements and intent expressed by the Defendants, it appears to the Court that the Government badgered the Defendants into agreeing to the proposed Consent Order.  This is not the first time this Court has been exposed to the Government's heavy-handed tactic of coercing private individuals or companies into agreeing to an unfair and unnecessarily burdensome consent order to avoid incurring the significant financial and manpower resources associated with defending themselves against the Government's unrelenting persecution.  And, as with the Court's most recent exposure to such governmental

2

tactics, the Court shall not endorse, approve or accept the parties' "stipulated" resolution of the situation - because the "stipulated" resolution is not "fair, adequate, and reasonable."

By way of example rather than limitation, the Court finds that the proposed Consent Order is not "fair, adequate, and reasonable" because it:

(1) imposes numerous undertakings and standards of conduct required of Defendants which are not clear by the terms of the document (*e.g.*, Paragraphs 9, 10 and 11), yet the satisfaction of the same is to be determined, apparently, at the sole discretion of the Government (*e.g.*, Paragraphs 11, 13 and 14 ) and, apparently, outside of the Court's jurisdiction, even though the Court is to enforce the proposed Consent Order;

(2) includes many undefined terms (*e.g.*, "Availability List," "Waiting List," "Guest Card" and "Application Log");

(3) requires that Defendants deposit $12,000 into an account, from which "aggrieved persons" can recover for alleged discrimination by Defendants in the past, even if the Court should find that such allegedly aggrieved persons collectively are entitled to far more - or far less - damages (Paragraphs 20-26);

(4) allows the parties to alter the terms of the proposed Consent Order without involvement of the Court (*e.g.*, Paragraphs 28 and 39);

(5) requires Defendants to pay a "fifteen thousand ($3,000)" civil penalty to the United States (Paragraph 29);[1] and

(6) apparently proposes to bind and burden the Court with an open, ongoing case for at least three years (or longer, if the Government moves the Court for an extension of time) (Paragraphs 35 and 36).

On the basis of the above-described deficiencies, as well as many others, the Court concludes that the proposed Consent Order is not fair, adequate and/or reasonable. The Court further concludes

---

[1]In addition to the nonsense contained in the proposed Consent Order submitted by the Government to this federal court, the Court is dismayed by the sloppiness of numerous provisions in the document, including this provision regarding the civil penalty to be imposed on the Defendants. Is the civil penalty $15,000 or is it $3,000 - and how and why does the Government expect the Court to sign off on provision that: (1) clearly was drafted with little foresight or review, and (2) is blatantly and objectively open to criticism and challenge?

that the terms and requirements placed on the Defendants are unnecessary and oppressive. A mere warning letter to the Defendants would undoubtedly solved any issue the Government has with the Defendants' manner of leasing the property at issue, especially as these Defendants are practically defenseless against the power and might of the Department of Justice. Such a warning, however, would not add to the Government's statistics on enforcement or alleged discrimination.

    Accordingly, and for the reasons set forth above, the Court DENIES the parties' Joint Motion for Entry of Proposed Consent Order (Docket #5) and shall not enter the proposed Consent Order submitted by the parties on August 25, 2011.

    IT IS SO ORDERED.

                                         s/Lawrence P. Zatkoff
                                         LAWRENCE P. ZATKOFF
                                         UNITED STATES DISTRICT JUDGE

Dated: October 28, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 28, 2011.

                                         s/Marie E. Verlinde
                                         Case Manager
                                         (810) 984-3290